UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

| | |
|---|---|
| In re:<br><br>CARMEN N. RODRIGUEZ,<br><br>                Debtor.<br><br>CARMEN N. RODGRIGUEZ,<br><br>                Plaintiff,<br><br>v.<br><br>TALLAGE DAVIS, LLC,<br><br>                Defendant. | Chapter 13<br>Case No. 23-40040-ELK<br><br><br><br>Adversary Proceeding<br>No.: 23- |

**<u>VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF</u>**

Plaintiff Carmen N. Rodriguez, (Ms. Rodriguez) by way of complaint against Defendant Tallage Davis LLC ("Tallage"), alleges as follows:

**<u>INTRODUCTION</u>**

1. This is an action to avoid the transfer of Ms. Rodriguez's home, located at 24 Tatman Street, Worcester, Worcester County, Massachusetts 01607 (the "Home"). Ms. Rodriguez seeks to recover the Home for her benefit and her estate's benefit.

2. Ms. Rodriguez seeks to avoid the transfer of her Home (the "Transfer") as a fraudulent conveyance. In 2021, Tallage Davis LLC took ownership of Ms. Rodriguez's Home through a tax sale and foreclosure.

3. On Dec. 16, 2019 Tallage filed a Complaint to foreclosure on Ms.

Rodriguez's Home and stated in that complaint that the assessed value of the Home was $189,000. *See* Exhibit A.

4. The only consideration Ms. Rodriguez received was the forgiveness of a $2,656.61 debt.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Court has the authority to hear, determine, and enter all appropriate orders and judgments on the claims set forth herein pursuant to 28 U.S.C. § 157(b)(l). The statutory predicates for the relief requested are, *inter alia,* Bankruptcy Code §§ 522(g), 522(h), 544(b), 548(a), and 550(a); and G.L. ch. 109A, §§ 5(a)(2), 6(a), and 9(b).

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

8. Ms. Rodriguez consents to the bankruptcy court's entry of final orders or judgments.

## PARTIES

9. Plaintiff Carmen N. Rodriguez is the debtor-in-possession in Case No. 23-40040-ELK pending in this Court.

10. Ms. Rodriguez filed her voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on January 18, 2023 (the "Petition Date").

11. Prior to the pre-petition tax sale and foreclosure of her right of redemption, Ms. Rodriguez owned her Home in fee simple.

12. Defendant Tallage Davis LLC (Tallage) is a Massachusetts limited liability company with an address of 165 Tremont Street, Suite 305, Boston, Suffolk County,

2

Massachusetts 02111.

13. Upon information and belief, Tallage conducts business in Worcester County, Massachusetts.

14. Tallage is in the business of acquiring tax titles and collector's deeds from municipalities in Massachusetts and foreclosing on homeowners' rights of redemption.

## BACKGROUND

15. From 1996 until 2021, Ms. Rodriguez, a disabled single mother of two adult sons, was the owner of her own Home.

16. Ms. Rodriguez lives in the Home. She has lived there continuously since 1996.

17. Ms. Rodriguez built up her life savings in the Home. She made all payments on her home loan. Her mortgage was discharged in August 2020. (See Exhibit B, discharge recorded at the Worcester County Registry of Deeds, Book 63129, Page 282.)

18. Ms. Rodriguez worked for 37 years at a TJ Maxx warehouse near her Home in Worcester, Massachusetts.

13. In 2019, Ms. Rodriguez developed health issues which forced her to retire.

19. Ms. Rodriguez subsequently fell behind in her real estate tax payments to the City of Worcester ("City" or "Worcester").

20. She did not make payments totaling $2,656.61 for property taxes and other city services (the "Tax Obligations").

21. The $2,656.61 of Tax Obligations did not represent—and were far less than--the value of the Home.

22. Upon information and belief, in 2019 Worcester initiated the tax sale process with respect to Ms. Rodriguez's Home, pursuant to Mass. Gen. L. ch. 60, §§ 43 and 45.

23. Upon information and belief, Worcester issued to Tallage a Tax Collector's

3

Deed dated June 28, 2019.

24. The Tax Collector's Deed is recorded at the Worcester (South) Registry of Deeds (the "Registry") at Book 60685, Page 57 (the "City's Tax Collector's Deed"). A true copy of the Tax Collector's Deed is attached as Exhibit C.

25. As consideration, Tallage paid the City a total of $3,370.60 (the "Purchase Amount"). The Purchase Amount represented the $2,656.61 in tax liens on the Home and a premium of $713.99.

26. The Purchase Amount did not represent—and was far less than—the value of the Home.

27. On or about December 16, 2019, Tallage commenced a civil action in the Massachusetts Land Court to foreclose Ms. Rodriguez's right of redemption of the Home (the "Foreclosure Action"). See Exhibit A.

28. On or about December 27, 2019, Tallage recorded in the Registry a notice stating that it had filed a complaint in Land Court to foreclose a tax lien on Ms. Rodriguez's Home. *See* Exhibit D.

29. On or about August 10, 2021, the Land Court entered its *Judgment In Tax Lien Case* in the Foreclosure Action. The Land Court adjudged that Ms. Rodriguez's right of redemption of the Home was forever foreclosed and barred (the "Foreclosure Judgment"). *See* Exhibit E.

30. Under applicable state law, when the Land Court entered the Foreclosure Judgement, Tallage's title to the Home became absolute.

31. Ms. Rodriguez's Tax Obligations were extinguished. However, Ms. Rodriguez did not receive any other value through the tax foreclosure process. She lost all equity in her Home.

32. The Home was worth far more than Ms. Rodriguez's Tax Obligations.

33. The Home was worth far more than the Purchase Amount that Tallage had paid.

34. Upon information and belief, the value of the Home was at least $207,000 at the time of the Transfer.

35. Under state law, the City must make a fair cash valuation of the Home for tax assessment purposes. Under applicable state law, the fair cash valuation of the Home is its fair market value.

36. In 2020, the City assessed the value of the Home at $189,000. In 2021, the City assessed the value of the Home at $207,000. In 2022, the City assessed the value of the Home at $250,100.00. A true and accurate copy of the City's historical appraised values of the Home accessed on February 9, 2023 from the City assessor's web portal is attached hereto as Exhibit F.

37. Upon information and belief, Ms. Rodriguez's Home has a fair market value of no less than $300,000 today.

38. Ms. Rodriguez has a declared homestead on her Home filed at the Worcester County Registry of Deeds Book 68702 Page 234. *See* Exhibit G.

39. If the Home were a part of the bankruptcy estate, Ms. Rodriguez would be able to exempt it in full under 11 U.S.C. § 522 and Mass. Gen. L. c. 188, § 5.

40. The Transfer was not a voluntary transfer of Ms. Rodriguez's interest in the Home.

41. Ms. Rodriguez did not conceal her interest in the Home.

42. Ms. Rodriguez's only other assets are either exempt or of *de minimis* value.

43. As of the Petition Date there were no mortgages or other consensual liens on

or encumbering Ms. Rodriguez's Home.

44. Ms. Rodriguez's Home is her principal asset and potential source of retirement income.

45. The Transfer was a transfer of all or substantially all of Ms. Rodriguez's assets.

46. At the time of the Transfer Ms. Rodriguez was made insolvent.

47. The Transfer left Ms. Rodriguez with an unreasonably small capital.

48. As of the Petition Date, one or more secured and unsecured creditors held claims against Ms. Rodriguez whose and which claims arose before and after the Transfer.

49. On and at all times after the Petition Date, Ms. Rodriguez has resided at and been in possession of her Home.

## COUNT I

### Avoidance and Recovery of Fraudulent Transfer
### Pursuant to Bankruptcy Code §§ 522, 548 and 550

50. Ms. Rodriguez repeats and re-alleges each of the allegations contained in paragraphs 1 through 110 in their entirety as if fully set forth herein.

51. The Transfer was a transfer of an interest of Ms. Rodriguez in the Home.

52. The Land Court entered a judgment in the tax lien case foreclosing on her Home on Aug. 10, 2021. *See* Exhibit E.

53. The Transfer occurred within the two years of the Petition Date.

54. Ms. Rodriguez received less than a reasonably equivalent value in exchange for the Transfer.

55. Ms. Rodriguez was made insolvent as a result of the Transfer.

56. At the time of the Transfer, Ms. Rodriguez did not receive adequate consideration for the value of the Home and any property remaining with Ms. Rodriguez after the Transfer was unreasonably small.

6

57. Upon information and belief, at the time of the Transfer, Tallage knew or should have known that the Home was Ms. Rodriguez's principal asset.

58. Upon information and belief, at the time of the Transfer Tallage knew or should have known that the Transfer was a transfer of all, or substantially all of Ms. Rodriguez's assets.

59. At the time of the Transfer, Tallage knew that the assessed value of the Home was substantially greater than the Tax Obligations.

60. At the time of the Transfer, Tallage knew that the assessed of the Home was substantially greater than the Purchase Amount.

61. Upon information and belief, at the time of the Transfer Tallage knew that the Transfer would leave Ms. Rodriguez with an unreasonably small capital.

62. As of the Petition Date, one or more unsecured creditors held claims against Ms. Rodriguez whose and which claims arose before and after the Transfer.

63. At the time of the Foreclosure Judgment, a judgment lien had been placed on Ms. Rodriguez's Home. *See* Exhibit H, Judgment lien of Midland Funding LLC recorded at the Worcester County Registry of Deeds at Book 61988 Page 367; *see also* Town of Milford, No. D50336, 1999 WL 35819278, at *4 (Mass. Land Ct. July 14, 1999), aff'd sub nom., Town of Milford v. Boyd, 434 Mass. 754, 752 N.E.2d 732 (2001)

64. Tallage did not take the Home in good faith.

65. Ms. Rodriguez is entitled to avoid the Transfer as a fraudulent conveyance pursuant to Bankruptcy Code §§ 548(a)(1)(B) and 522(h).

66. Ms. Rodriguez is entitled to recover the Home from Tallage for the benefit of Ms. Rodriguez and the estate pursuant to Bankruptcy Code § 550(a)(1).

67. Ms. Rodriguez is entitled to exempt her interest in the Home pursuant to

7

Bankruptcy Code § 522(g) and Mass. Gen. L. c. 188, § 5.

## COUNT II

**Avoidance and Recovery of Fraudulent Transfer Pursuant to
Bankruptcy Code §§ 522, 544, 550 and Mass. Gen. L. c. 109A**

68. Ms. Rodriguez repeats and re-alleges each of the allegations contained in paragraphs 1 through 110 in their entirety as if fully set forth herein.

69. The Transfer was a transfer of an asset of Ms. Rodriguez.

70. The Transfer occurred within four years before the Petition Date.

71. Ms. Rodriguez received less than a reasonably equivalent value in exchange for the Transfer.

72. Ms. Rodriguez was rendered insolvent at the time of the Transfer.

73. At the time of the Transfer Ms. Rodriguez did not receive adequate consideration for the value of the Home and any property remaining with Ms. Rodriguez after the Transfer was unreasonably small.

74. The Transfer is avoidable under Mass. Gen. L. c. 109A, §§ 5(a)(2), 6(a) and 10.

75. Pursuant to 11 U.S.C. §544(b), Ms. Rodriguez may avoid any transfer of an interest of Ms. Rodriguez in property that is avoidable under G.L. c. 109A by a creditor holding an unsecured claim against Ms. Rodriguez that is allowable under 11 U.S.C. § 502.

76. There exist creditors of Ms. Rodriguez as of the Petition Date that hold unsecured claims against Ms. Rodriguez which are allowable under 11 U.S.C. § 502.

77. Upon information and belief, at the time of the Transfer Tallage knew or should have known that the Home was Ms. Rodriguez's principal asset.

78. Upon information and belief, at the time of the Transfer Tallage knew or should have known that the Transfer was a transfer of all, or substantially all of Ms.

Rodriguez's assets.

79. At the time of the Transfer Tallage knew or should have known that the assessed value of the Home was substantially greater than the Tax Obligations.

80. Upon information and belief, at the time of the Transfer Tallage knew or should have known that the Transfer would leave Ms. Rodriguez with an unreasonably small capital.

81. At the time of the judgment in the tax lien case foreclosing on her Home on Aug. 10, 2021, a judgment lien had been placed on Ms. Rodriguez's Home. *See* judgment lien of Midland Funding LLC recorded at the Worcester County Registry of Deeds at Book 61988 Page 367. Town of Milford, No. D50336, 1999 WL 35819278, at *4 (Mass. Land Ct. July 14, 1999), aff'd sub nom., Town of Milford v. Boyd, 434 Mass. 754, 752 N.E.2d 732 (2001).

82. As of the Petition Date, one or more unsecured creditors held claims against Ms. Rodriguez and these claims arose before and after the Transfer.

83. Tallage did not take Ms. Rodriguez's Home in good faith.

84. Ms. Rodriguez is entitled to avoid the Transfer of her Home as a fraudulent conveyance pursuant to Bankruptcy Code §§ 544 and 522(h), and Mass. Gen. L. c. 109A, §§ 5(a)(2) and 6(a).

85. Ms. Rodriguez is entitled to recover her Home from Tallage for her own benefit and the benefit of her estate pursuant to Bankruptcy Code §550(a)(1).

86. Ms. Rodriguez is entitled to exempt her interest in the Home pursuant to Bankruptcy Code § 522(g) and Mass. Gen. L. c. 188, § 5.

## COUNT III

### Preliminary Injunction Enjoining
### Transfer or Encumbrance of the Home

87. Ms. Rodriguez repeats and re-alleges each of the allegations contained in paragraphs 1 through 110 in their entirety as if fully set forth herein.

88. Ms. Rodriguez's filed in her underlying bankruptcy petition, a plan of reorganization in which her Home is recovered and under which the claims of creditors, including Tallage, will receive treatment under that plan in conformity with the requirements of the Bankruptcy Code.

89. At the time that the City issued the collector's deed to Tallage, the Tax Obligations were only $2,657.00. Tallage purchased the tax title, which granted the right to Tallage to foreclose on Ms. Rodriguez's Home. *See* Exhibit C.

90. The value of the Home was at all relevant times substantially greater than the amount of the Tax Obligations.

91. The value of the Home was at all relevant times substantially greater than the Purchase Amount.

92. Tallage filed an action in Land Court to foreclose on Ms. Rodriguez's Home on December 16, 2019. *See* Exhibit A.

93. Tallage filed a motion to default Ms. Rodriguez on October 19, 2020, and the motion was allowed and a final judgment was entered on Aug. 10, 2021. *See* Exhibit E.

94. August 10, 2021, was the effective date of the Transfer of Ms. Rodriguez's Home to Tallage.

95. Twelve months after the judgement entered, on Aug. 10, 2022, the judgment could not be vacated and became absolute pursuant to Massachusetts law. See Town of Andover v. State Fin. Servs., Inc., 432 Mass. 571, 577, 736 N.E.2d 837, 841 (2000).

96. Ms. Rodriguez's Home was her principal asset.

97. The Transfer was a transfer of all, or substantially all of Ms. Rodriguez's assets.

98. The Transfer left Ms. Rodriguez with an unreasonably small capital or assets.

99. The Transfer occurred within four years before the Petition Date.

100. As of the Petition Date, one or more unsecured creditors held claims against Ms. Rodriguez whose and which claims arose before and after the Transfer.

101. There is a substantial likelihood that Ms. Rodriguez will succeed on the merits of her fraudulent conveyance claims against Tallage.

102. The Transfer was made on account of Ms. Rodriguez's antecedent debt of Ms. Rodriguez to the City.

103. Ms. Rodriguez was made insolvent as a result of the Transfer.

104. Pursuant to applicable state law, Tallage is the absolute owner of Ms. Rodriguez's Home, subject only to her claims to avoid the Transfer and recover her Home for the benefit of the estate.

105. Ms. Rodriguez still resides in her Home and has never lived anywhere else since she bought her Home in 1996.

106. There is a significant risk that if the requested injunction is withheld that Tallage may or will sell, assign, convey, or otherwise transfer or encumber Ms. Rodriguez's Home, either of which events would cause irreparable harm to Ms. Rodriguez and to the estate.

107. Given Ms. Rodriguez's unique interest in her Home, on balance with the Tallage's commercial interest in collecting the Tax Obligations, together with the interests of other creditors whose hope of any claim treatment evaporates entirely if the Home is lost,

11

the balance of harms weighs heavily in favor of granting the injunction requested to protect Ms. Rodriguez's interest in avoiding the Transfer and recovering her Home for the benefit of the estate.

108. The law and public policy abhor a forfeiture of interests in property, but favor the payment of municipal property Tax Obligations.

109. Granting Ms. Rodriguez the injunction requested to protect her interest in recovering her Home so she can propose and confirm a plan is in harmony with the public interest because it will avoid a forfeiture of substantial equity, and provide for treatment of the Tax Obligations and the claims of other creditors under a plan of reorganization in accordance with the Bankruptcy Code.

110. Ms. Rodriguez is entitled to an injunction enjoining Tallage from selling, assigning, conveying, or otherwise transferring or encumbering her Home pending the outcome of this adversary proceeding.

## REQUESTS FOR RELIEF

WHEREFORE, Ms. Rodriguez requests the following relief against Tallage:

A. A judgment on Count I of the Complaint, avoiding the Transfer pursuant to Bankruptcy Code §§ 522(h), 548(a)(l)(B) and recovering and/or exempting the Home to Ms. Rodriguez for the benefit of Ms. Rodriguez and the estate pursuant to Bankruptcy Code §§ 522(g), 550(a)(1);

B. A judgment on Count II of the Complaint, avoiding the Transfer pursuant to Bankruptcy Code §§ 522(h), 544 and Mass. Gen. L. c. 109A and recovering and/or exempting the Home to Ms. Rodriguez for the benefit of Ms. Rodriguez and the estate pursuant to Bankruptcy Code §§ 522(g) and 550(a)(1); and

C. An order on Count III of the Complaint, in the form of a preliminary injunction

12

prohibiting Tallage, and any of its agents, servants, employees, attorneys, and any person acting at the direction of on in concert with Tallage from selling, assigning, conveying, or otherwise transferring or encumbering the Home pending the outcome of this adversary proceeding; and

  D. Granting to Ms. Rodriguez such other and further relief as this Court deems proper and just.

>Respectfully submitted
>Carmen N. Rodriguez,
>By her attorneys:
>/s/Todd S. Kaplan
>Todd S. Kaplan, BBO #634710
>617-603-1647
>tkaplan@gbls.org
>
>/s/ Matt Brooks
>Matt Brooks, BBO # 693322
>Greater Boston Legal Services
>197 Friend Street
>Boston, MA 02114
>617-603-1773
>mbrooks@gbls.org
>
>/s/ Julia Frost-Davies
>Julia Frost-Davies, BBO # 630590
>Morgan, Lewis & Bockius LLP
>One Federal Street
>Boston, MA 02110-1726
>617-951-8422
>julia.frost-davies@morganlewis.com
>
>/s/ T. Charlie Liu
>T. Charlie Liu, BBO # 693338
>Morgan, Lewis & Bockius LLP
>101 Park Avenue | New York, NY 10178-0060
>212-309-6133
>charlie.liu@morganlewis.com
>
>/s/ John Laliberte
>John Laliberte, BBO # 556046
>PioneerLegal, LLC
>185 Devonshire Street
>Boston, MA 02110
>617-723-2277

Dated: 2/9/2023       john.laliberte@pioneerlegal.org

**VERIFICATION**

I, Carmen N. Rodriguez, declare under penalty of perjury under the laws of the United States of America that the allegations in paragraphs 1-106 of the foregoing Complaint are true and accurate, to the best of my knowledge and belief, and, if not based on my own personal knowledge are matters of public record, that I believe such allegations to be true and correct and no material facts have been omitted therefrom.

/s/ Carmen N. Rodriguez
Carmen N. Rodriguez

Dated: 2/9/2023